# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ADAPTIX, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 6:12cv21 |
| NOKIA SIEMENS NETWORKS US, LLC, LIGHTSQUARED, INC., and LIGHTSQUARED GP, INC., | ) ) ) ) **JURY TRIAL DEMANDED** ) |
| Defendants. | ) ) |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which plaintiff, ADAPTIX, Inc. ("ADAPTIX"), complains against defendants, Nokia Siemens Networks US, LLC ("NSN"), LightSquared, Inc. and LightSquared GP, Inc. (together "LightSquared"), as follows:

## THE PARTIES

1. ADAPTIX is a Delaware corporation with its principal place of business at 4100 Midway Road, Suite 2010, Carrollton, Texas 75007.

2. On information and belief, NSN is a Delaware corporation with its principal place of business at 6000 Connection Drive, Irving, Texas 75039 and regularly does business in this judicial district by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint. NSN's registered agent for service of process in Texas is National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

06010586

3. On information and belief, LightSquared, Inc. is a Delaware corporation with its principal place of business at 10802 Parkway Boulevard, Reston, Virginia 20191 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint.  LightSquared, Inc.'s registered agent for service of process is CT Corporation System, 4701 Cox Road, Suite 301, Glen Allen, Virginia 23060.  Alternatively, LightSquared, Inc. may be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve LightSquared, Inc. at its principal place of business at 10802 Parkway Boulevard, Reston, Virginia 20191

4. On information and belief, LightSquared GP, Inc. is a Delaware corporation with its principal place of business at 10802 Parkway Boulevard, Reston, Virginia 20191 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint.  LightSquared GP, Inc.'s registered agent for service of process is Corporation Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, Virginia 23219  Alternatively, LightSquared GP, Inc. may be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve LightSquared GP, Inc. at its principal place of business at 10802 Parkway Boulevard, Reston, Virginia 20191.

**JURISDICTION AND VENUE**

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b-c) and 1400(b). On information and belief, each defendant has purposely transacted business in this judicial district and has committed acts of direct and/or indirect infringement in this judicial district.

7. On information and belief, each defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (A) at least part of their infringing activities alleged herein, and (B) regularly doing or soliciting business, engaging in others persistent causes of conduct, and/or deriving substantial revenue from goods and services provided to persons and other entities in Texas and this judicial district.

**COUNT I**
(INFRINGEMENT OF U.S. PATENT NO. 7,146,172)

8. ADAPTIX is the owner by assignment of United States patent number 7,146,172, entitled "MULTI-CARRIER COMMUNICATIONS WITH ADAPTIVE CLUSTER CONFIGURATION AND SWITCHING" ("the '172 patent") with ownership of all substantial rights in the '172 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '172 patent is attached as Exhibit A.

9. On information and belief, NSN is directly and/or indirectly infringing at least one claim of the '172 patent in this judicial district and elsewhere in Texas and the United

States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations sold to LightSquared and others which, at a minimum, directly infringe the '172 patent. NSN is thereby liable for infringement of the '172 patent pursuant to 35 U.S.C. § 271. NSN's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until NSN is enjoined.

10. On information and belief, LightSquared is jointly, directly and/or indirectly infringing at least one claim of the '172 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations which, at a minimum, directly infringe the '172 patent. LightSquared is thereby liable for infringement of the '172 patent pursuant to 35 U.S.C. § 271. LightSquared's infringement has caused damage to ADAPTIX, which infringement by defendants and damage to ADAPTIX will continue unless and until LightSquared is enjoined.

11. Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '172 patent in violation of 35 U.S.C. § 271.

12. The infringement by each defendant identified in this Count has caused irreparable injury to ADAPTIX for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

## COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 6,870,808)

13. ADAPTIX is the owner by assignment of United States patent number 6,870,808, entitled "CHANNEL ALLOCATION IN BROADBAND ORTHOGONAL FREQUENCY-DIVISION MULITPLEPACCESS/SPACEDIVISION MULTIPLE-ACCESS NETWORKS" ("the '808 patent") with ownership of all substantial rights in the '808 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '808 patent is attached as Exhibit B.

14. On information and belief, NSN is directly and/or indirectly infringing at least one claim of the '808 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations sold to LightSquared and others which, at a minimum, directly infringe the '808 patent. NSN is thereby liable for infringement of the '808 patent pursuant to 35 U.S.C. § 271. NSN's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until NSN is enjoined.

15. On information and belief, LightSquared is jointly, directly and/or indirectly infringing at least one claim of the '808 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations which, at a minimum, directly infringe the '808 patent. LightSquared is thereby liable for infringement of the '808 patent pursuant to 35 U.S.C. § 271. LightSquared's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until LightSquared is enjoined.

16. Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '808 patent in violation of 35 U.S.C. § 271.

17. The infringement by each defendant identified in this Count has caused irreparable injury to ADAPTIX for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

## COUNT III
(INFRINGEMENT OF U.S. PATENT NO. 7,573,851)

18. ADAPTIX is the owner by assignment of United States patent number 7,573,851 entitled "METHOD AND SYSTEM FOR SWITCHING ANTENNA AND CHANNEL ASSIGNMENTS IN BROADBAND WIRELESS NETWORKS" ("the '851 patent") with ownership of all substantial rights in the '851 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '851 patent is attached as Exhibit C.

19. On information and belief, NSN is directly and/or indirectly infringing at least one claim of the '851 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations sold to LightSquared and others which, at a minimum, directly infringe the '851 patent. NSN is thereby liable for infringement of the '851 patent pursuant to

35 U.S.C. § 271. NSN's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until NSN is enjoined.

20. On information and belief, LightSquared is jointly, directly and/or indirectly infringing at least one claim of the '851 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations which, at a minimum, directly infringe the '851 patent. LightSquared is thereby liable for infringement of the '851 patent pursuant to 35 U.S.C. § 271. LightSquared's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until LightSquared is enjoined.

21. Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '851 patent in violation of 35 U.S.C. § 851.

22. The infringement by each defendant identified in this Count has caused irreparable injury to ADAPTIX for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

**COUNT IV**
(INFRINGEMENT OF U.S. PATENT NO. 6,904,283)

23. ADAPTIX is the owner by assignment of United States patent number 6,904,283 entitled "MULTI-CARRIER COMMUNICATIONS WITH GROUP-BASED SUBCARRIER ALLOCATION" ("the '283 patent") with ownership of all substantial rights

in the '283 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '283 patent is attached as Exhibit D.

24. On information and belief, NSN is directly and/or indirectly infringing at least one claim of the '283 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations sold to LightSquared and others which, at a minimum, directly infringe the '283 patent. NSN is thereby liable for infringement of the '283 patent pursuant to 35 U.S.C. § 271. NSN's infringement has caused damage to ADAPTIX which infringement and damage will continue unless and until NSN is enjoined.

25. On information and belief, LightSquared is jointly, directly and/or indirectly infringing at least one claim of the '283 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations which, at a minimum, directly infringe the '283 patent. LightSquared is thereby liable for infringement of the '283 patent pursuant to 35 U.S.C. § 271. LightSquared's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until LightSquared is enjoined.

26. Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in

accordance with defendants' instructions directly infringe one or more claims of the '283 patent in violation of 35 U.S.C. § 271.

27. The infringement by each defendant identified in this Count has caused irreparable injury to ADAPTIX for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

### COUNT V
(INFRINGEMENT OF U.S. PATENT NO. 7,072,315)

28. ADAPTIX is the owner by assignment of United States patent number 6,904,283 entitled "MEDIUM ACCESS CONTROL FOR ORTHOGONAL FREQUENCY-DIVISION MULTIPLE-ACCESS (OFDMA) CELLULAR NETWORKS" ("the '315 patent") with ownership of all substantial rights in the '315 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '315 patent is attached as Exhibit E.

29. On information and belief, NSN is directly and/or indirectly infringing at least one claim of the '315 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations sold to LightSquared and others which, at a minimum, directly infringe the '315 patent. NSN is thereby liable for infringement of the '315 patent pursuant to 35 U.S.C. § 271. NSN's infringement has caused damage to ADAPTIX which infringement and damage will continue unless and until NSN is enjoined.

30. On information and belief, LightSquared is directly and/or indirectly infringing at least one claim of the '315 patent in this judicial district and elsewhere in Texas and the

United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations which, at a minimum, directly infringe the '315 patent. LightSquared is thereby liable for infringement of the '315 patent pursuant to 35 U.S.C. § 271. LightSquared's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until LightSquared is enjoined.

31. Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '315 patent in violation of 35 U.S.C. § 271.

32. The infringement by each defendant identified in this Count has caused irreparable injury to ADAPTIX for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

## **PRAYER FOR RELIEF**

Wherefore, ADAPTIX respectfully requests that this Court enter:

A. Judgment in favor of ADAPTIX that each defendant has infringed the '172, '808, '851, '283 and '315 patents as aforesaid;

B. A permanent injunction enjoining each defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in active concert or privity therewith from direct, indirect and/or joint infringement of the '172, '808, '851, '283 and '315 patents pursuant to 35 U.S.C. § 283;

C. Judgment and order requiring each defendant to pay ADAPTIX its damages with pre- and post-judgment interest thereon pursuant to 35 U.S.C. § 284;

D. Any and all further relief to which the Court may deem ADAPTIX entitled.

## DEMAND FOR JURY TRIAL

ADAPTIX requests a trial by jury on all issues so triable by right pursuant to Fed. R. Civ. P. 38.

Date: January 13, 2012

**ADAPTIX, INC.**

By: /s/ Paul J. Hayes (w/permission W. Hill)
Paul J. Hayes – LEAD ATTORNEY
Dean G. Bostock
**HAYES, BOSTOCK & CRONIN LLC**
300 Brickstone Square, 9th Fl.
Andover, Massachusetts 01810
Tel: (978) 809-3850
Fax: (978) 809-3869
Email: phayes@hbcllc.com
Email: dbostock@hbcllc.com

T. John Ward, Jr.
Texas State Bar. No. 00794818
J. Wesley Hill
Texas State Bar. No. 24032294
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, Texas 75606
Tel: (903) 757-6400
Fax: (903) 757-2323
Email: jw@wsfirm.com
Email: wh@wsfirm.com

**ATTORNEYS FOR THE PLAINTIFF
ADAPTIX, INC.**